IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:97-CR-94-FL-10

UNITED STATES OF AMERICA,           )
                                    )
        v.                          )
                                    )         ORDER
MICHAEL TERRANCE REEVES,            )
                                    )
        Defendant.                  )

This matter is before the court on defendant's motion for reduction of sentence pursuant to § 404 of the First Step Act of 2018 (DE 673). The government responded in opposition and in this posture the issues raised are ripe for ruling. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

On October 16, 1997, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, heroin, and marijuana, in violation of 21 U.S.C. § 846 (count one); and two counts of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (counts two and four). The court held defendant's sentencing hearing on February 2, 1998. The presentence investigation report, which the court adopted, determined distributed 3,423 grams of heroin, 22,257 grams of cocaine base, 3,442 grams of cocaine, and two pounds of marijuana. Defendant's then-mandatory Guidelines range was 292 to 365 months' imprisonment on count one, to be followed by consecutive terms of 60 months' imprisonment on count two and 240 months' imprisonment on count four. The court sentenced defendant to the low end of the range for count one, 292 months, and imposed the mandatory consecutive terms on counts two and four, for an aggregate sentence of 592 months' imprisonment.

The court also sentenced defendant to 5 years' supervised release, comprised of concurrent terms of five years on count one, and three years on counts two and four.

On March 21, 2016, the court granted defendant's motion for sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines, and imposed a reduced sentence of 235 months' imprisonment on count one. The consecutive term of 300 months' imprisonment on counts two and four and the supervised release terms were not reduced. Defendant's aggregate term of imprisonment therefore was reduced to 535 months. He is currently scheduled for release on November 6, 2037.

Defendant filed the instant motion for reduction of sentence pursuant to § 404 of the First Step Act on April 19, 2021, supported by Federal Bureau of Prisons ("FBOP") administrative records documenting defendant's sentence calculation, educational courses completed, program review, employment record, and disciplinary history. Defendant also relies on character references from his mother and sister. The motion was briefed fully.

**COURT'S DISCUSSION**

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard,

2

645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants who committed their offenses before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied the motion on the merits. Id.

If a defendant is eligible for sentence reduction pursuant to § 404, the court should first recalculate the Guidelines range in light of the Fair Sentencing Act's changes to the statutory penalties. See Concepcion v. United States, 142 S. Ct. 2389, 2402 n.6 (2022). After properly calculating the Guidelines range, the court may consider all arguments raised by the parties in support of a variance from the range, including those based on intervening, nonretroactive case law establishing defendant's sentence would be lower if he were resentenced under current law, post-sentencing conduct (positive or negative), and any other relevant sentencing factors. See id. at 2404; see also United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021); 18 U.S.C.

§ 3553(a).

Here, defendant is eligible for relief where the Fair Sentencing Act modified the statutory penalties for count one, defendant committed the offense before August 3, 2010 (and he was sentenced pursuant to the pre-Fair Sentencing Act regime), and he is not otherwise precluded from seeking relief under § 404.  See First Step Act § 404; Terry v. United States, 141 S. Ct. 1858, 1862–63 (2021); United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019); (PSR at 1 (listing the statutory range on count one as 10 years to life imprisonment for violation of 21 U.S.C. § 846, which at the time was triggered by more than 50 grams of cocaine base)).[1]  The court thus turns to whether it should exercise its discretion to reduce defendant's sentence.

Application of the First Step Act reduces the Guidelines range on count one to 235 to 240 months' imprisonment.  (Revised PSR Modification (DE 683)).  Together with the mandatory consecutive term of 300 months' imprisonment on counts two and four, the total Guidelines range for the instant First Step Act proceeding is 535 to 540 months' imprisonment.  (See id.).  And as the government argues defendant's current sentence of 535 months' imprisonment is within that range.   Defendant, however, requests that the court consider a downward variance to 300 months and one day imprisonment.   (See DE 673 at 5–6).

Defendant asks the court to consider that Congress recently modified the statutory penalties for his § 924(c) convictions in counts two and four.   At the time of defendant's sentencing, counts

---

[1]     Notably, because defendant was sentenced prior to Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny, the drug amount triggering the mandatory minimum penalty was not alleged in the indictment or determined by a jury.   And the PSR held defendant accountable for more than 280 grams of cocaine base, which would trigger the 10-year mandatory minimum under the Fair Sentencing Act.   Dorsey, 567 U.S. at 269; (PSR ¶ 11).   The eligibility analysis, however, turns on whether the Fair Sentencing Act modified the statutory penalty for the offense of conviction, and that criterion is satisfied here because the offense at issue is a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).   See Terry, 141 S. Ct. at 1862–63; Wirsing, 943 F.3d at 185–86.   The actual drug amount found in the PSR is not relevant for purposes of determining defendant's eligibility for a sentence reduction.   See Wirsing, 943 F.3d at 185–86.

two and four required a mandatory sentence of 300 months' imprisonment (25 years), consecutive to the sentence imposed for count one.  See 18 U.S.C. § 924(c) (1996); Deal v. United States, 508 U.S. 129, 132 (1993).  More specifically, the first § 924(c) conviction required a sentence of 60 months' imprisonment, consecutive to the predicate drug trafficking offense, and the second § 924(c) conviction required a consecutive sentence of 240 months' imprisonment.  18 U.S.C. § 924(c) (1996).

The First Step Act ended this practice of "stacking" consecutive § 924(c) sentences in a single prosecution by "clarifying" that the enhanced penalty for a second or subsequent conviction applies only "after a prior conviction under [§ 924(c)] has become final."  Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222.  In other words, "under the First Step Act, . . . the [now] 25-year[2] mandatory minimum [pursuant to § 924(c)(1)(A)(C)] is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution."  United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020).  Thus, as opposed to the consecutive 300 months' term of imprisonment defendant received at his original sentencing on counts two and four, the aggregate statutory maximum sentence for these counts under current law is 120 months' imprisonment, consecutive to the predicate crime of violence or drug trafficking crime.  18 U.S.C. § 924(c)(1)(A)(i), (C).  Together with the sentence of 235 months in count one, the likely aggregate sentence under current law is 355 months' imprisonment, as opposed to the current sentence of 535 months.

In addition to the stark disparity between the current sentence and the likely sentence that

---

[2]     At the time of defendant's sentencing, the mandatory consecutive term was 20 years' imprisonment for a second or subsequent § 924(c) conviction.  See 18 U.S.C. § 924(c) (1996).  As indicated in the quotation above, Congress subsequently increased the penalty for second or subsequent convictions to 25 years.  See 18 U.S.C. § 924(c)(1)(C).

would be imposed today, at the time of sentencing the court was precluded from considering the lengthy mandatory consecutive sentences in counts two and four when fashioning the sentence on count one. This is because the court therefore had no discretion to vary downwardly from the range in count one where the Guidelines were mandatory. See United States v. Booker, 543 U.S. 220 (2005); (see also PSR ¶¶ 57–58). And because Booker did not apply retroactively, defendant has never been afforded the opportunity to seek a variance from the Guidelines range on count one based on the mandatory consecutive penalties in counts two and four, which Congress itself has now determined was overly harsh. These factors support defendant's request for a downward variance on count one in the instant First Step Act proceeding. See Dean v. United States, 137 S. Ct. 1170, 1178 (2017) (holding district court may consider mandatory consecutive terms imposed for § 924(c) convictions when fashioning a sentence on the predicate drug trafficking crime under 18 U.S.C. § 3553(a)); cf. United States v. McCoy, 981 F.3d 271, 285–86 (4th Cir. 2020) (stating in related context of motions for compassionate release that "[w]e think courts legitimately may consider, under the [compassionate release standard], that defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair").

Defendant's comprehensive and compelling presentation addressing the § 3553(a) factors[3] also support a downward variance in this case. Defendant focuses on the lengthy sentence of 535 months (over 44 years), imposed on him when he was just 27 years old and at a time when the longest period he had served in custody was 30 days. (PSR ¶¶ 15–24). Despite effectively receiving a life sentence, defendant maintained clear conduct in the FBOP for the past seven years,

---

[3] The court greatly benefited from the Federal Public Defender's briefing in this case, and counsel is commended for her efforts on behalf of defendant.

he recently has maintained employment, and he worked hard to obtain his GED.   (See DE 673 at 9–10 and accompanying exhibits).   He notes that he is already 51 years old, an age when rates of recidivism decline significantly.   (Id. at 7 (citing published data from the United States Sentencing Commission regarding recidivism)).   He further asks the court to consider his childhood deprivations including rampant substance abuse by his caregivers, his personal history of severe substance abuse, and that much of his offense conduct occurred when he was an adolescent or very young adult.   (Id. at 7–9; see also PSR ¶¶ 32, 36 (documenting defendant's addiction to heroin and substance abuse by his caregivers)).   Taken together, the court agrees these factors support defendant's request for downward variance on count one.

The court, however, declines to reduce the sentence to the full extent requested – 300 months and one day – based primarily on the egregious offense conduct in this case.   As the government emphasizes, defendant distributed 3,423 grams of heroin, 22,257 grams of cocaine base, and 3,442 grams of cocaine in this district as part of a long-running drug conspiracy.   (PSR ¶ 10; Gov. Resp. (DE 679) ¶¶ 11, 15).   Defendant also dropped out of high school and never maintained consistent legal employment during the conspiracy.   (Gov. Resp. (DE 679) ¶ 15).   In addition, defendant sold firearms and he was involved in at least two shootings related to disputes over drug sales, although thankfully none of the victims were killed.   (Id. ¶¶ 9–10).   Finally, defendant's post-sentencing conduct includes over 60 disciplinary infractions, some of which involve serious infractions such as assault inflicting serious injury.   (See DE 673-3).   The government further notes that defendant has not made progress toward earning his GED since 2000, and his education programming has been minimal.   (Gov. Resp. (DE 679) ¶ 16).   These factors, however, do not overcome the fact that defendant's Guidelines range would be reduced to 355 to 360 months' imprisonment under current law, and in the court's view a sentence of

approximately 30 years is sufficient, but not greater than necessary, to account for the offense conduct and post-sentencing conduct on which the government relies. In addition, defendant has maintained clear conduct for the past seven years and he has been employed consistently, which mitigates the disciplinary history to some extent and supports defendant's argument that his age and maturity are important factors in considering a reduction.

Having fully considered parties' arguments with respect to the § 3553(a) factors, the court finds a sentence of 355 months' imprisonment will accomplish the goals of sentencing.[4] This sentence reflects the likely aggregate Guidelines sentence under current law and thereby affords defendant the benefit of the changes to the statutory penalties for his § 924(c) convictions while taking into account the egregious offense conduct and other issues addressed above.

The court observes this is a substantial sentence reduction for a defendant with a violent criminal record and who distributed significant amounts of controlled substances. By reducing defendant's sentence, the court is placing a great deal of trust in defendant that he can translate his recent good behavior while incarcerated to the community. The court expects defendant to follow through with his implied promises to secure employment and remain drug free. To assist with this transition, defendant will be closely supervised by United States Probation for three years, and violations of the conditions of supervision will be considered a serious breach of the court's trust. Defendant should carefully follow the instructions of his probation officer, and rely on social support from his family members and friends who are not involved in criminal activity and

---

[4] A sentence of 355 months' imprisonment reflects a reduction of 180 months from the current sentence, or 15 years. The parties have not suggested that defendant would be eligible for immediate release even if the court reduced the sentence to the full extent requested of 300 months. The court also cannot determine the projected release date with certainty without knowing the current amount of accumulated good time credit. The court leaves the recalculation of defendant's release date to the parties and the FBOP in the first instance.

otherwise constitute positive role models.

**CONCLUSION**

Based on the foregoing, defendant's motion for reduction of sentence (DE 673) is GRANTED. The previously imposed sentence of 235 months' imprisonment on count one is reduced to 55 months' imprisonment. The consecutive terms of 60 months' imprisonment on count two and 240 months' imprisonment on count four remain intact, producing an aggregate custodial sentence of 355 months' imprisonment. In addition, defendant's term of supervised release on count one is reduced to three years, to run concurrently with the three-year terms in counts two and four. Except as expressly modified herein, all provisions of the February 2, 1998, judgment of conviction remain in effect.

SO ORDERED, this the 16th day of August, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

9